WRIGHT, FINLAY & ZAK, LLP
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Yanxiong Li, Esq.
Nevada Bar No. 12807
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
yli@wrightlegal.net
Attorneys for *Plaintiff,*
Deutsche Bank National Trust Company, as
Trustee for Morgan Stanley Dean Witter Capital
I Inc. Trust 2003-NC2, Mortgage Pass-Through
Certificates, Series 2003-NC2

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY DEAN WITTER CAPITAL I INC. TRUST 2003-NC2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-NC2,<br><br>        Plaintiff,<br><br>    vs.<br><br>SATICOY BAY LLC SERIES 1236 DUSTY CREEK STREET; DURANGO TRAILS HOMEOWNERS ASSOCIATION, INC.; HOMEOWNER ASSOCIATION SERVICES, INC.,<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT** |

COMES NOW Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Dean Witter Capital I Inc. Trust 2003-NC2, Mortgage Pass-Through Certificates, Series 2003-NC2 (hereinafter "Deutsche Bank"), by and through its attorneys of record, Dana Jonathon Nitz, Esq., and Yanxiong Li, Esq., of the law firm of Wright, Finlay & Zak, LLP, and hereby files this civil action against Saticoy Bay, LLC Series 1236 Dusty Creek Street, Durango Trails

Homeowners Association, Inc., and Homeowner Association Services, Inc. (hereinafter "Defendants").

**PARTIES, JURISDICTION AND VENUE**

1.      The real property at issue is known as 1236 Dusty Creek Street, Las Vegas, Nevada 89128, APN: 138-28-224-084 (hereinafter, the "Property").

2.      The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as Deutsche Bank is a "citizen[] of [a] different State[]" from all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court also has original federal question jurisdiction under 28 U.S.C. § 1331 because Deutsche Bank is asserting civil claims arising under the Constitution, laws, or treaties of the United States.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Defendants reside in this district; a substantial part of the events or omissions giving rise to Deutsche Bank's claims occurred in this district; and the Property that is the subject of this action is situated in this district, in Clark County, Nevada.

4.      Deutsche Bank is a national banking association organized under the laws of the United States with its main office in California.

5.      Deutsche Bank is now and at all times relevant herein, the assigned Beneficiary under a Deed of Trust signed by Jose F. Rivera, and recorded on December 2, 2002 (hereinafter "Deed of Trust"), which encumbers the Property and secures a promissory note.

6.      Upon information and belief, Defendant Saticoy Bay, LLC ("Saticoy Bay" or "Buyer") is a Nevada series limited-liability company and claims to be the current titleholder of the Property.

7.      Upon information and belief, Defendant Durango Trails Homeowners Association, Inc. ("HOA") is a Nevada non-profit cooperative corporation and was the HOA that foreclosed on the Property.

8.      Upon information and belief, Defendant Homeowner Association Services, Inc. ("HOA Trustee") is a Nevada corporation and was the agent who foreclosed on the Property on behalf of the HOA.

9.      Upon information and belief, HOA Trustee was the agent of the HOA, and the HOA is responsible for their acts and omissions under the doctrine of respondeat superior.

10.      In accordance with NRS Chapter 38.310, Deutsche Bank submitted a Nevada Real Estate Division Alternative Dispute Resolution (hereinafter, "NRED") claim on or about January 23, 2017, and named HOA and HOA Trustee as Respondents.

11.      Deutsche Bank's NRED claim was served on HOA Trustee on February 2, 2017 and February 3, 2017 on HOA.

12.      HOA submitted a Response on February 17, 2017 to Deutsche Bank's NRED claim.  HOA Trustee has not submitted any response to date.

13.      Pursuant to NRS 38.330(1) NRED mediation must be completed within 60 days after the filing of the written claim – i.e. March 24, 2017.

## GENERAL ALLEGATIONS

14.      On or about December 31, 2001, Jose F. Rivera (hereinafter "Rivera") purchased the Property.[1]

15.      The Deed of Trust executed by Rivera identified New Century Mortgage Corporation as the Lender and Beneficiary, and Old Republic Title Co. as the Trustee, and secured a loan in the amount of $104,550.00 (hereinafter "Rivera Loan").[2]

16.      The Deed of Trust and Note were subsequently assigned to Deutsche Bank.[3]

17.      On October 12, 2010, a Notice of Claim of Lien-Homeowner Assessment was recorded against the Property by the HOA Trustee, on behalf of the HOA.[4]

///

---

[1] A true and correct copy of the GBS Deed recorded in the Clark County Recorder's Office as Book and Instrument Number 2001123102538 is attached to Deutsche Bank's Complaint as **Exhibit 1**.  All other recordings stated hereafter are recorded in the same manner.

[2] A true and correct copy of the Deed of Trust recorded as Book and Instrument Number 2002120201635 is attached to Deutsche Bank's Complaint as **Exhibit 2.**

[3] True and correct copies of the Assignments recorded as Book and Instrument Number 201108100000583, 201209250002671, 201303260002666 and 201309050000796 are attached to Deutsche Bank's Complaint as **Exhibit 3.**

[4] A true and correct copy of the Notice of Lien recorded as Book and Instrument Number 201010120002089 is attached to Deutsche Bank's Complaint as **Exhibit 4.**

**18.**     On May 25, 2011, a Notice of Default and Election to Sell was recorded against the Property by the HOA Trustee on behalf of the HOA, stating that the amount due as of May 12, 2011 was $765.82.[5]

**19.**     On February 10, 2014, a Notice of Trustee's Sale was recorded against the Property by the HOA Trustee on behalf of the HOA, stating that the amount due as of the initial publication of the Notice of Sale was $8,742.42.[6]

**20.**     Upon information and belief, a non-judicial foreclosure sale occurred on February 27, 2014 (hereinafter, the "HOA Sale"), whereby, according to the Foreclosure Deed, Saticoy Bay acquired its interest, if any, in the Property for $20,600.00.[7]

**21.**     *SFR Investments Pool 1 v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014), should not be applied retroactively to permit non-judicial foreclosure proceedings, such as the one involved herein, under NRS 116.3116 et seq., which was noticed and commenced prior to September 18, 2014, to operate to extinguish the Deed of Trust or render it subordinate to Deutsche Bank's interest, if any.

**22.**     A homeowner's association sale conducted pursuant to NRS Chapter 116 must comply with all notice provisions as stated in NRS 116.31162 through NRS 116.31168 and NRS 107.090.

**23.**     A lender or holder of a senior deed of trust, such as Deutsche Bank and its predecessors-in-interest in the Deed of Trust, has a right to cure a delinquent homeowner's association lien in order to protect its interest.

**24.**     Further the  and Restated Declaration of Covenants, Conditions and Restrictions for Durango Trails Homeowners Association, Inc. ("CC&Rs")[8] require reasonable notice of delinquency to all lien holders on the Property.

---

[5] A true and correct copy of the Notice of Default recorded as Book and Instrument Number 201105250001757 is attached to Deutsche Bank's Complaint as **Exhibit 5.**

[6] A true and correct copy of the Notice of Sale recorded as Book and Instrument Number 201402100001149 is attached to Deutsche Bank's Complaint as **Exhibit 6.**

[7] A true and correct copy of the Foreclosure Deed recorded as Book and Instrument Number 20140325-0001054 is attached to Deutsche Bank's Complaint as **Exhibit 7.**

[8] A true and correct copy of the current HOA CC&R's recorded as Book and Instrument Number 950711.00310 is attached hereto as **Exhibit 8.**

**25.**     Upon information and belief, the HOA and its agent, the HOA Trustee, attempted to sell the Property under an expired and extinguished HOA lien.

**26.**     Pursuant to NRS 116.3116(6), a lien for unpaid assessments is extinguished unless proceedings to enforce the lien are instituted within 3 years after the full amount of the assessments becomes due.

**27.**     Upon information and belief, the full amount of the assessments became due on or before January 26, 2010, such that the HOA lien became extinguished on or before January 26, 2013.

**28.**     Upon information and belief, the non-judicial foreclosure sale was set on or after June 20, 2013 or nearly five (5) months after the HOA lien extinguished.

**29.**     The HOA Sale occurred under an expired and extinguished HOA lien.

**30.**     Upon information and belief, the HOA and its agent, the HOA Trustee, did not comply with all mailing and noticing requirements stated in NRS 116.31162 through NRS 116.31168, or as required by the CC&Rs.

**31.**     A recorded notice of default must "describe the deficiency in payment."

**32.**     The above-identified Notice of Default did not properly "describe the deficiency in payment" in violation of NRS Chapter 116.

**33.**     The HOA assessment lien and foreclosure notices included improper fees and costs in amount demanded.

**34.**     The HOA Sale occurred without notice to Deutsche Bank, or its predecessors, agents, servicers or trustees, what proportion whether any amount of the HOA lien included a super-priority amount.

**35.**     The HOA Sale occurred without notice to Deutsche Bank, or its predecessors, agents, servicers or trustees, whether the HOA was foreclosing on the "super-priority" portion of its lien, if any, or under the non-super-priority portion of the lien.

**36.**     The HOA Sale occurred without notice to Deutsche Bank, or its predecessors, agents, servicers or trustees, of a right to cure the delinquent assessments and the super-priority lien, if any.

**37.**     The HOA Sale violated Deutsche Bank's rights to due process because Deutsche Bank was not given proper, adequate notice and the opportunity to cure the deficiency or default in the payment of the HOA's assessments and the super-priority lien, if any.

**38.**     The HOA Sale was an invalid sale and could not have extinguished Deutsche Bank's secured interest because of defects in the notices given to Deutsche Bank, or its predecessors, agents, servicers or trustees, if any.

**39.**     Under NRS Chapter 116, a lien under NRS 116.3116(1) can only include costs and fees that are specifically enumerated in the statute.

**40.**     A homeowner's association may only collect as a part of the super priority lien (a) nuisance abatement charges incurred by the association pursuant to NRS 116.310312 and (b) nine months of common assessments which became due prior to the institution of an action to enforce the lien.

**41.**     Upon information and belief, the HOA Foreclosure Notices included improper fees and costs in the amount demanded.

**42.**     The attorney's fees and the costs of collecting on a homeowner's association lien cannot be included in the super-priority lien.

**43.**     Upon information and belief, the HOA assessment lien and foreclosure notices included fines, interest, late fees, dues, attorney's fees, and costs of collection that are not properly included in a super-priority lien under Nevada law and that are not permissible under NRS 116.3102 et seq.

**44.**     The HOA Sale did not comply with NRS 116.3102 et seq. because none of the aforementioned notices identified above identified what portion of the claimed lien were for alleged late fees, interest, fines/violations, or collection fees/costs.

**45.**     The HOA Sale deprived Deutsche Bank of its right to due process because the foreclosure notices failed to identify the super-priority amount, to adequately describe the deficiency in payment, to provide Deutsche Bank notice of the correct super-priority amount, and to provide a reasonable opportunity to satisfy that amount.

///

46. The HOA Sale is unlawful and void because the "opt-in" provision in NRS 116.3116 does not satisfy Constitutional Due Process safeguards under the 5th and 14th Amendment to the United States Constitution, nor Clause 1, Section 8, of the Nevada Constitution, so that the statute is unconstitutional on its face.

47. The HOA Sale is unlawful and void because the statutory scheme set forth in NRS 116.3116, et seq. constitutes a regulatory taking of private property without adequate compensation.

48. Alternatively, the sale itself was valid but Saticoy Bay took its interest subject to Deutsche Bank's first position Deed of Trust.

49. NRS Chapter 116 is unconstitutional on its face as it lacks any express requirement for the HOA or its agents to provide notice of a foreclosure to the holder of a first deed of trust or mortgage.

50. NRS Chapter 116 is unconstitutional on its face as it lacks any express requirement for the HOA or its agents to provide notice of the super-priority amount, if any, to the holder of a first deed of trust or mortgage to accept tender of the super-priority amount or any amount from the holder.

51. NRS Chapter 116 is unconstitutional on its face due to vagueness and ambiguity.

52. The HOA Sale denied Deutsche Bank of its right to due process because the foreclosure notices failed to identify that an attempt to pay the super-priority amount had been made.

53. A homeowner's association sale must be done in a commercially reasonable manner.

54. Upon information and belief, at the time of the HOA Sale, the amount owed on the Rivera Loan exceeded $94,102.30.

55. Upon information and belief, at the time of the HOA Sale, the fair market value of the Property exceeded $116,900.00.

56. The amount paid at the HOA Sale allegedly totaled $20,600.00.

///

57.     The HOA Sale was not commercially reasonable, and the HOA Sale was not done in good faith, in light of the sale price, and the market value of the Property, and the errors alleged above.

58.     The circumstances of the HOA Sale of the Property breached the HOA's obligations of good faith under NRS 116.1113 and its duty to act in a commercially reasonable manner.

59.     The HOA Sale by which Saticoy Bay took its interest was commercially unreasonable if it extinguished Deutsche Bank's Deed of Trust.

60.     In the alternative, the HOA Sale was an invalid sale and could not have extinguished Deutsche Bank's secured interest because it was not a commercially reasonable sale.

61.     Without providing Deutsche Bank, or its predecessors, agents, servicers or trustees, notice of the correct super-priority amount and a reasonable opportunity to satisfy that amount, including its failure to identify the super-priority amount and its failure to adequately describe the deficiency in payment as required by Nevada law, the HOA Sale is commercially unreasonable and deprived Deutsche Bank of its right to due process.

62.     Pursuant to NRS 116.31162(1) an association may only proceed with foreclosure under NRS 116.31162-116.31168 if the declaration or CC&Rs so provide.

63.     The CC&Rs for the HOA provide in Section 11.8 that "[t]he Assessment lien established by law or this Declaration is prior to all other liens and encumbrances on a unit except: … (11.8.1.12) [a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent…"[9]

64.     The CC&Rs for the HOA provide in Section 22.1 that "A breach of an of the provisions of this Declaration shall not affect or impair the lien or charge of any bona fide Deed of Trust or Mortgage made in good faith and for value encumbering any Lot."[10]

///

_____

[9] *See* **Exhibit 8**.
[10] *Id.*

65. The CC&Rs for the HOA provide in Section 22.6 that "The Board shall give Notice to any Lender, as defined in this Article, who requests Notice of any default by the Owner, of such Owner's obligations under the Project Documents, which is not cured within sixty (60) days…"[11]

66. Because the recorded CC&Rs contained a Mortgagee Protection Clause, and because Deutsche Bank, or its predecessors, agents, servicers or trustees, were not given proper notice that the HOA intended to foreclose on the super-priority portion of the dues owe, Deutsche Bank did not know that it had to attend the HOA Sale to protect its security interest.

67. Because the recorded CC&Rs contained a Mortgagee Protection Clause, and because proper notice that the HOA intended to foreclose on the super-priority portion of the dues owing was not given, prospective bidders did not appear for the HOA Sale, making the HOA Sale commercially unreasonable.

68. Defendants knew that Deutsche Bank would rely on the Mortgagee Protection Clause contained in the recorded CC&Rs which are of public record, and knew that Deutsche Bank would not know that HOA was foreclosing on super-priority amounts because of the failure of HOA and HOA Trustee to provide such notice. Deutsche Bank's absence from the HOA Sale allowed Saticoy Bay to appear at the HOA Sale and purchase the Property for a fraction of market value, making the HOA Sale commercially unreasonable.

69. Defendants knew that prospective bidders would be less likely to attend the HOA Sale because the public at large believed that Deutsche Bank was protected under the Mortgagee Protection Clause in the CC&Rs of public record, and that the public at large did not receive notice, constructive or actual, that the HOA was foreclosing on a super-priority portion of its lien because HOA & HOA Trustee improperly failed to provide such notice. The general public's belief therefore was that a Saticoy Bay at the HOA Sale would take title to the Property subject to Deutsche Bank's Deed of Trust. This general belief resulted in the absence of prospective bidders at the HOA Sale, which allowed Saticoy Bay to appear at the HOA Sale and purchase the Property for a fraction of market value, making the HOA Sale commercially

---

[11] *Id.*

unreasonable.

70.     Upon information and belief, Saticoy Bay is in the business of buying and selling real estate and/or is otherwise a professional property purchaser, and either knew or should have known of defects with the HOA Sale based on the sales price, among other factors.

71.     The circumstances of the HOA Sale of the Property and Saticoy Bay's status as a professional property purchaser prevent Saticoy Bay from being deemed a bona fide purchaser for value.

72.     Upon information and belief, Saticoy Bay had actual, constructive or inquiry notice of Deutsche Bank's first Deed of Trust, and the CC&Rs including the Mortgage Protection Clause which prevents Saticoy Bay from being deemed a bona fide purchaser or encumbrancer for value.

73.     Upon information and belief, Saticoy Bay knew or should have known that it would not be able to obtain insurable title to the Property as a result of the HOA Sale.

74.     As a direct and proximate result of the foregoing, Saticoy Bay is not entitled to bona fide purchaser protection.

75.     In the event Deutsche Bank's interest in the Property is not reaffirmed nor restored, Deutsche Bank will have suffered damages in the amount of the fair market value of the Property or the unpaid balance of the Rivera Loan and Deed of Trust, at the time of the HOA Sale, whichever is greater, as a proximate result of Defendants' acts and omissions.

## **FIRST CAUSE OF ACTION**

**(Quiet Title/Declaratory Relief Pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq., and NRS 40.010 et seq. versus all Defendants)**

76.     Deutsche Bank incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

77.     Pursuant to 28 U.S.C. § 2201, NRS 30.010 et seq., and NRS 40.010, this Court has the power and authority to declare Deutsche Bank's rights and interests in the Property and to resolve Defendant's adverse claims in the Property.

///

///

**78.** Further, pursuant to NRS 30.010 et seq., this Court has the power and authority to declare the rights and interests of the parties following the acts and omissions of the HOA and HOA Trustee in foreclosing the Property.

**79.** Deutsche Bank's Deed of Trust is the first secured interest on the Property as intended by and whose priority is protected by NRS 116.3116(2)(b).

**80.** Upon information and belief, Saticoy Bay claims an interest in the Property through a Foreclosure Deed recorded in the Clark County Recorder's Office as Book and Instrument Number 20140325-0001054 that is adverse to Deutsche Bank's interest.

**81.** Deutsche Bank is the current beneficiary under the Deed of Trust and the Rivera Loan and is entitled to enforce its interest and first position status in the chain of title against Saticoy Bay, or any successor in interest, for the reasons alleged herein.

**82.** Because the CC&Rs and the Mortgage Protection Clause did not provide the HOA with authority to foreclose on the Property, the HOA Sale could not have extinguished the Deed of Trust or displaced it from its first position status in the chain of title, such that Saticoy Bay took subject to the Deed of Trust. Or in the alternative, the HOA Sale is void, invalid and/or should be set aside.

**83.** Because, upon information and belief, the HOA and the HOA Trustee attempted to sell the Property under an expired and extinguished HOA lien pursuant to NRS 116.3116(6) more than three (3) years after the full amount of the assessments became due, the HOA Sale could not have extinguished the Deed of Trust or displaced it from its first position status in the chain of title, such that Saticoy Bay took subject to the Deed of Trust. Or in the alternative, the HOA Sale is void, invalid and/or should be set aside.

**84.** Because, upon information and belief, the HOA and the HOA Trustee failed to provide proper, adequate and sufficient notices required by Nevada law and the CC&Rs, the HOA Sale could not have extinguished the Deed of Trust or displaced it from its first position status in the chain of title, such that Saticoy Bay took subject to the Deed of Trust. Or in the alternative, the HOA Sale is void, invalid and/or should be set aside.

///

**85.** Based on the adverse claims being asserted by the parties, Deutsche Bank is entitled to a judicial determination regarding the rights and interests of the respective parties to the case.

**86.** A justiciable controversy exists between Deutsche Bank and Defendants and Deutsche Bank has a legally protectable interest in the controversy. The issue is ripe for judicial determination.

**87.** For all the reasons set forth above and in the Factual Background, Deutsche Bank is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS 40.010, that Deutsche Bank is the beneficiary of a first position Deed of Trust which still encumbers the Property.

**88.** Based upon the foregoing, Deutsche Bank is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS 40.010, that the purported HOA Sale did not extinguish the Deed of Trust because it was conducted in violation of NRS 116.3116 *et seq.* and the CC&Rs.

**89.** Deutsche Bank is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS 40.010, that Deutsche Bank's secured interest by virtue of its Deed of Trust is superior to the interest, if any, acquired by Saticoy Bay through the Foreclosure Deed and all other parties, if any.

**90.** In the alternative, if it is found under state law that Deutsche Bank's interest could have been extinguished by the HOA Sale, for all the reasons set forth above and in the Factual Background, Deutsche Bank is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, NRS 30.010 and NRS 40.010, that the HOA Sale was void, invalid and/or should be set aside and conveyed no legitimate interest to Saticoy Bay.

**91.** Deutsche Bank has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

///

///

///

## SECOND CAUSE OF ACTION

**(Declaratory Relief Under Amendments V and XIV to the United States Constitution versus all Defendants)**

**92.** Deutsche Bank incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

**93.** Pursuant to 28 U.S.C. § 2201, this Court is empowered to declare the rights and legal relations of the parties in this matter, both generally and in relation to the foreclosure sale and the Property.

**94.** On its face, NRS 116.3116 *et seq.*, prior to its amendment effective October 1, 2015, violated Deutsche Bank's constitutional rights to due process secured by the Fifth and Fourteenth Amendments to the United States Constitution. *See Bourne Valley Court Trust v. Wells Fargo Bank*, *N.A.*, 832 F.3d 1154 (9th Cir. 2016).

**95.** Any notice purportedly required by NRS 116.3116 *et seq.*, prior to its amendment effective October 1, 2015, was inadequate, insufficient, and in violation of Deutsche Bank's rights to due process.

**96.** An actual and justiciable controversy exists between Deutsche Bank and Defendants regarding the purported HOA Sale and the rights associated with the HOA Sale.

**97.** Without declaratory relief interpreting the constitutional validity of NRS 116.3116 *et seq.* prior to its amendment effective October 1, 2015, Deutsche Bank's rights will be adversely affected.

**98.** Based upon the foregoing, Deutsche Bank requests an order declaring that the purported HOA Sale did not extinguish the Deed of Trust because it was conducted under NRS 116.3116 *et seq.* prior to its amendment effective October 1, 2015, which on its face violated Deutsche Bank's rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

**99.** Deutsche Bank is entitled to a declaration that the purported HOA Sale conducted under NRS 116.3116 *et seq.* did not extinguish the Deed of Trust, which continued as a valid encumbrance against the Property.

///

**100.** Deutsche Bank has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

### THIRD CAUSE OF ACTION

**(Quiet Title Under the Amendments V and XIV to the United States Constitution versus Saticoy Bay)**

**101.** Deutsche Bank incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

**102.** Pursuant to 28 U.S.C. § 2201 and NRS 40.010, this Court is empowered to declare the rights and legal relations of the parties in this matter, both generally and in relation to the foreclosure sale and the Property.

**103.** The Deed of Trust is a first secured interest in the Property. Deutsche Bank owns the Deed of Trust and is beneficiary of record of the Deed of Trust.

**104.** Saticoy Bay claims an interest in the Property through the Foreclosure Deed which is adverse to Deutsche Bank's interest.

**105.** On its face, NRS 116.3116 *et seq.*, prior to its amendment effective October 1, 2015, violated Deutsche Bank's constitutional rights to due process secured by the Fifth and Fourteenth Amendments to the United States Constitution and thus did not extinguish the Deed of Trust. *See Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016).

**106.** Any notice purportedly required by NRS 116.3116 *et seq.*, prior to its amendment effective October 1, 2015, or purportedly provided was inadequate, insufficient, and in violation of Deutsche Bank's rights to due process under the Fifth and Fourteenth Amendment to the United States Constitution.

**107.** Based on the adverse claims being asserted by the parties, Deutsche Bank is entitled to a judicial determination that the Deed of Trust continues to encumber the Property after the HOA Sale and subsequent transfer via the Foreclosure Deed.

///

///

///

**108.** Deutsche Bank is entitled to a determination that the HOA Sale (and any subsequent transfers) did not convey the Property free and clear of the Deed of Trust to the Saticoy Bay at the HOA Sale, and thus that any interest acquired by Saticoy Bay is subject to the Deed of Trust.

**109.** Deutsche Bank has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

## FOURTH CAUSE OF ACTION

### (Permanent and Preliminary Injunction versus Saticoy Bay)

**110.** Deutsche Bank incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

**111.** As set forth above, Saticoy Bay may claim an ownership interest in the Property that is adverse to Deutsche Bank.

**112.** Any sale or transfer of the Property, prior to a judicial determination concerning the respective rights and interests of the parties to the case, may be rendered invalid if Deutsche Bank's Deed of Trust still encumbered the Property in first position and was not extinguished by the HOA Sale.

**113.** Deutsche Bank has a reasonable probability of success on the merits of the Complaint, for which compensatory damages will not compensate Deutsche Bank for the irreparable harm of the loss of title to a bona fide purchaser or loss of the first position priority status secured by the Property.

**114.** Deutsche Bank has no adequate remedy at law due to the uniqueness of the Property involved in the case.

**115.** Deutsche Bank is entitled to a preliminary injunction and permanent injunction prohibiting Saticoy Bay, its successors, assigns, and agents from conducting any sale, transfer or encumbrance of the Property if it is claimed to be superior to Deutsche Bank's Deed of Trust or not subject to that Deed of Trust.

**116.** Deutsche Bank is entitled to a preliminary injunction requiring Saticoy Bay to pay all taxes, insurance and homeowner's association dues during the pendency of this action.

**117.** Deutsche Bank is entitled to a preliminary injunction requiring Saticoy Bay to segregate and deposit all rents with the Court or a Court-approved trust account over which Saticoy Bay has no control during the pendency of this action.

**118.** Deutsche Bank has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

**FIFTH CAUSE OF ACTION**

**(Unjust Enrichment versus Saticoy Bay)**

**119.** Deutsche Bank incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

**120.** Deutsche Bank has been deprived of the benefit of its secured deed of trust by the actions of Saticoy Bay.

**121.** Saticoy Bay has benefitted from the unlawful HOA Sale and nature of the real property.

**122.** Saticoy Bay has benefitted from Deutsche Bank's payment of taxes, insurance or homeowner's association assessments since the time of the HOA Sale.

**123.** Should Deutsche Bank's Complaint be successful in quieting title against Saticoy Bay and setting aside the HOA Sale, Saticoy Bay will have been unjustly enriched by the HOA Sale and usage of the Property.

**124.** Deutsche Bank will have suffered damages if Saticoy Bay is allowed to retain its interest in the Property.

**125.** Deutsche Bank will have suffered damages if Saticoy Bay is allowed to retain its interest in the Property and the benefit of Deutsche Bank's payment of taxes, insurance or homeowner's association assessments since the time of the HOA Sale.

**126.** Deutsche Bank is entitled to general and special damages.

**127.** Deutsche Bank has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

## SIXTH CAUSE OF ACTION

### (Tortious Interference with Contract versus HOA and HOA Trustee)

**128.**   Deutsche Bank incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

**129.**   At all times mentioned, Deutsche Bank had a valid and existing contract with the Borrower, and the contract terms included the power of sale in the Deed of Trust.

**130.**   The Deed of Trust evidencing the contract was and is a matter of public record, and therefore known to Saticoy Bay.

**131.**   Defendants engaged in acts intended or designed to disrupt the contractual relationship between Deutsche Bank and the Borrowers by ostensibly electing to enforce the "super priority" rights of the Association through a power of sale, notwithstanding: (i) the covenants contained in the CC&R's; (ii) no notice to Deutsche Bank or its predecessors in interest of the intent to do so; (iii) no notice to Deutsche Bank or its predecessors in interest of the foreclosure proceedings; and (iv) failing to provide an opportunity to cure to Deutsche Bank before the sale.

**132.**   At all times the HOA could have elected to honor the covenant in its CC&R's evidenced by the Mortgagee Protection Clause and chosen not to enforce the super priority portion of its lien, or to do so only after ensuring Deutsche Bank had notice and was prepared to waive its rights to foreclose under the Deed of Trust.

**133.**   Deutsche Bank's contractual rights to enforce the power of sale have been disrupted and frustrated through Defendants' actions.

**134.**   As an actual and proximate result of the Defendants' actions and inactions, Deutsche Bank has sustained general and special damages.

**135.**   As an actual and proximate result of Defendants' actions and inactions, Deutsche Bank has sustained special damages, in the form of costs and attorney's fees, in an amount not yet liquidated, to defend its rights under the Deed of Trust in this action.

///

///

///

### SEVENTH CAUSE OF ACTION

**(Wrongful/Defective Foreclosure versus the HOA and the HOA Trustee)**

**136.**    Deutsche Bank incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

**137.**    Upon information and belief, the HOA and HOA Trustee did not comply with all mailing and noticing requirements stated in NRS 116.31162 through NRS 116.31168.

**138.**    The HOA and HOA Trustee failed to provide notice pursuant to Nevada law and assure due process.

**139.**    Because the HOA Sale was wrongfully conducted and violated applicable law, the Court should set it aside to the extent that it purports to have extinguished the Deed of Trust.

**140.**    Because the HOA Sale was not commercially reasonable, it was invalid, wrongful and should be set aside.

**141.**    Because the HOA and HOA Trustee did not give Deutsche Bank, or its agents, servicers or predecessors-in-interest, the proper, adequate notice of the sale and the opportunity to cure the deficiency or default in the payment of the HOA's assessments required by Nevada statutes, the CC&R's, and Due Process, the HOA Sale should be set aside.

**142.**    As a proximate result of the HOA and HOA Trustee's wrongful/ statutorily defective foreclosure of the Property by the HOA Sale, as more particularly set forth above and in the General Allegations, Deutsche Bank has suffered general and special damages in an amount not presently know.  Deutsche Bank will seek leave of court to assert said amounts when they are determined.

**143.**    If it is determined that the Deed of Trust has been extinguished by the HOA Sale as a proximate result of HOA and HOA Trustee's wrongful foreclosure of the Property by the HOA Sale, Deutsche Bank has suffered special damages in the amount equal to the fair market value of the Property or the unpaid balance of the Rivera Loan, plus interest, at the time of the HOA Sale, whichever is greater, in an amount not presently known or liquidated, and according to proof at trial.

**144.**    Deutsche Bank is entitled to general and special damages.

///

**145.** Deutsche Bank has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

## EIGHTH CAUSE OF ACTION

### (Negligence versus the HOA and the HOA Trustee)

**146.** Deutsche Bank incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

**147.** The HOA and HOA Trustee owed a duty to Deutsche Bank and subordinate lienholders to conduct the HOA Sale at issue in this case properly.

**148.** The HOA and HOA Trustee breached their duty by failing to disclose the amount of the super-priority lien, by failing to specify that it was foreclosing on the super-priority portion of its lien as opposed to the non-super-priority portion, and by failing to provide notice of the HOA Sale and the notice that Deutsche Bank and subordinate lienholders had an opportunity to cure.

**149.** As an actual and proximate result of the breaches of duties owed by the HOA and HOA Trustee, Deutsche Bank has incurred general and special damages.

**150.** If Deutsche Bank is found to have lost its first secured interest in the Property, it was the proximate result of the HOA and HOA Trustee's breaches of their duties, and Deutsche Bank has thereby suffered general and special damages.

**151.** Deutsche Bank has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

## NINTH CAUSE OF ACTION

### (Negligence Per Se versus the HOA and the HOA Trustee)

**152.** Deutsche Bank incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

**153.** NRS Chapter 116 imposes a duty on homeowners associations to conduct HOA foreclosure sales in a manner that is consistent with its provisions and, by reference, the provisions of NRS 107.090.

///
///

154.    The HOA and HOA Trustee breached the statutory duties imposed by NRS Chapter 116 by proceeding with the HOA foreclosure sale; and by proceeding with the sale without notice that the successful bidder would take title subject to the Deed of Trust.

155.    The HOA and HOA Trustee violated NRS 116.31162(1)(b)(1) by failing to disclose the correct amount in deficiency.

156.    The HOA and HOA Trustee violated NRS 116.3116 et. Seq. by failing to give proper notice to Deutsche Bank.

157.    Deutsche Bank is a member of the class of persons whom NRS Chapter 116 is intended to protect.

158.    The injury that Deutsche Bank faces—extinguishments of the Deed of Trust—is the type of harm against which NRS Chapter 116 is intended to protect

159.    As a proximate result of HOA and the HOA Trustee's breaches of their duties, Deutsche Bank has incurred general and special damages to defend its title in this action, in an amount not yet liquidated.

160.    If it is determined that the Deed of Trust was extinguished and Deutsche Bank is found to have lost its first-position secured interest in the Property, Deutsche Bank's loss was actually and proximately caused by the actions and inactions of the HOA and the HOA Trustee, and the breaches of their statutory duties, and Deutsche Bank has thereby suffered general and special damages, which are not yet liquidated.

161.    Deutsche Bank has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

## **PRAYER**

Wherefore, Deutsche Bank prays for judgment against the Defendant as follows:

1.    For a declaration and determination that Deutsche Bank's interest is secured against the Property, and that Deutsche Bank's first Deed of Trust was not extinguished by the HOA Sale;

2.    For a declaration and determination that Saticoy Bay's interest, and any and all successors' interest, in the Property, if any, is subject to the Deed of Trust;

3.   For a declaration and determination that the HOA Sale was invalid to the extent it purports to convey the Property free and clear to Saticoy Bay;

4.   In the alternative, for a declaration and determination that the HOA Sale was void, invalid and/or should be set aside and conveyed no legitimate interest to Saticoy Bay;

5.   In the alternative, for a declaration and determination that the HOA Foreclosure Sale did not extinguish the Deed of Trust because it was conducted under a statute that facially violated Deutsche Bank's rights to due process;

6.   For a preliminary injunction that Saticoy Bay, its successors, assigns, and agents are prohibited from conducting a sale or transfer of the Property and representing the sale is free and clear of the Deed of Trust, unless Saticoy Bay tenders payment of the debt secured by the Deed of Trust, or from encumbering the Property during the pendency of this action;

7.   For a preliminary injunction that Saticoy Bay, its successors, assigns, and agents pay all taxes, insurance and homeowner's association dues during the pendency of this action;

8.   For a preliminary injunction that Saticoy Bay, its successors, assigns, and agents be required to segregate and deposit all rents with the Court or a Court-approved trust account over which Saticoy Bay have no control during the pendency of this action;

9.   If it is determined that Deutsche Bank's Deed of Trust has been extinguished by the HOA Sale, for special damages in the amount of the fair market value of the Property or the unpaid balance of the Rivera Loan and Deed of Trust, at the time of the HOA Sale, whichever is greater;

10.   For general and special damages;

11.   For attorney's fees;

1      12.     For costs incurred herein, including post-judgment costs; and

2      13.     For any and all further relief deemed appropriate by this Court.

3   DATED this 13th day of June, 2017.

4

                         WRIGHT, FINLAY & ZAK, LLP

5

6                          */s/ Yanxiong Li, Esq.*

7                          Dana Jonathon Nitz, Esq.
                         Nevada Bar No. 0050

8                          Yanxiong Li, Esq.
                         Nevada Bar No. 12807

9                          7785 W. Sahara Ave., Suite 200
                         Las Vegas, NV 89117

10                         (702) 475-7964; Fax: (702) 946-1345

11                         yli@wrightlegal.net

12                         Attorneys for *Plaintiff,*
                         Deutsche Bank National Trust Company, as Trustee

13                         for Morgan Stanley Dean Witter Capital I Inc. Trust
                        2003-NC2, Mortgage Pass-Through Certificates,

14                         Series 2003-NC2

| INDEX OF EXHIBITS ||
|---|---|
| **EXHIBIT NUMBER** | **DESCRIPTION** |
| #1 | Grant, Bargain and Sale Deed |
| #2 | Deed of Trust |
| #3 | Assignments of Deed of Trust |
| #4 | Notice of Delinquent Assessment Lien |
| #5 | Notice of Default and Election to Sell Under Homeowners Association Lien |
| #6 | Notice of Foreclosure Sale |
| #7 | Foreclosure Deed |
| #8 | Declaration of Covenants, Conditions and Restrictions |