# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DEUTSCHE BANK NATIONAL TRUST
COMPANY,

       Plaintiff

v.

SATICOY BAY LLC SERIES 1236 DUSTY
CREEK STREET, et al.,

       Defendants

Case No.: 2:17-cv-01667-APG-EJY

**Order (1) Granting Deutsche's Motion for
Summary Judgment, (2) Denying Saticoy's
Motion for Summary Judgment, (3)
Dismissing Deutsche's Claims against
Durango Trails as Moot, and (4) Granting
in Part Saticoy's Motion to Dismiss**

[ECF Nos. 33, 40, 42]

Plaintiff Deutsche Bank National Trust Company (Deutsche) sues to determine whether
its deed of trust encumbering property located at 1236 Dusty Creek Street in Las Vegas, Nevada
was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association
(HOA), defendant Durango Trails Homeowners Association, Inc. (Durango Trails). Defendant
Saticoy Bay LLC Series 1236 Dusty Creek Street (Saticoy) purchased the property at the
foreclosure sale. Deutsche seeks a declaration that its deed of trust still encumbers the property
and it asserts an unjust enrichment claim against Saticoy. Deutsche also asserts damages claims
against Durango Trails and its foreclosure agent, defendant Homeowner Association Services,
Inc. (HAS). Saticoy counterclaims and crossclaims to quiet title in itself.[1] Durango Trails cross-
claims against HAS.

       Deutsche and cross-defendant Nationstar Mortgage, LLC move for summary judgment.
SFR also moves for summary judgment. The parties are familiar with the facts so I do not repeat
them here except where necessary. I grant Deutsche's motion for summary judgment and deny
Saticoy's motion for summary judgment because HAS failed to mail the notice of sale to

---

[1] SFR also asserted a slander of title claim, but it abandoned that claim. ECF No. 105 at 3.

Deutsche, rendering the sale void as to the deed of trust.  I dismiss as moot Deutsche's damages claims against Durango Trails.  Finally, I grant in part Saticoy's motion to dismiss Deutche's unjust enrichment claim because Deutsche did not confer a benefit on Saticoy by virtue of Saticoy taking title to the property.  However, Deutsche's unjust enrichment claim against Saticoy related to the payment of taxes, insurance, and other expenses remains pending because the voluntary payment doctrine is an affirmative defense that is not properly resolved at dismissal and no party moved for summary judgment on this claim.

## I. LEGAL STANDARDS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence

of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

## II. ANALYSIS

### A. Declaratory Relief

#### 1. *Statute of Limitations*

Saticoy argues that Deutsche's declaratory relief claim is untimely. I have previously ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims under § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). The HOA foreclosure sale took place on February 27, 2014. ECF No. 41-10. Deutsche filed its complaint on June 14, 2017. ECF No. 1. Deutche's declaratory relief claim thus is timely because the complaint was filed less than four years after the foreclosure sale. I therefore deny Saticoy's motions to dismiss and for summary judgment on the statute of limitation grounds.

#### 2. *Adequate Remedy at Law*

Saticoy argues in its motion to dismiss that Deutsche cannot seek to equitably set aside the HOA foreclosure sale because Deutsche has an adequate remedy at law against HAS.

Generally, a party cannot obtain an equitable remedy when it has an adequate remedy at law. *Las Vegas Valley Water Dist. v. Curtis Park Manor Water Users Ass'n*, 646 P.2d 549, 551 (Nev. 1982). However, Nevada Revised Statutes § 40.010, which allows for resolving disputes involving adverse interests in property, "essentially codified" Nevada's historical recognition "that courts retain the power to grant equitable relief from a defective foreclosure sale when appropriate . . . ." *Shadow Wood HOA v. N.Y. Cmty. Bankcorp.*, 366 P.3d 1105, 1110 (Nev. 2016) (en banc). While the availability of other remedies (both before and after the sale) may bear on the equities, a claim to set aside an allegedly defective foreclosure sale is necessarily an equitable one that will impact the various interests in the property and their relative priority.

Deutsche seeks not just repayment of its loan, but the right to resort to this particular property as security for repayment. No remedy at law could overturn the foreclosure sale and reinstate Deutsche's lien on the property. *See Bank of Am., N.A. v. Diamond Fin., LLC*, 42 N.E.3d 1151, 1156-57 (Mass. 2015) (concluding a legal remedy was inadequate because "money damages would not restore the plaintiff to its rightful senior position"); *Bank of N.Y. Mellon v. Withers*, 771 S.E.2d 762, 765 (N.C. Ct. App. 2015) ("Due to land's unique nature, damage claims against individuals are an inadequate substitute for a first position lien on real property."). I therefore deny the motion to dismiss on this basis.

### 3. Void Sale

Deutsche argues the sale is void or should be equitably set aside because HAS failed to mail the notice of sale to Deutsche even though it was the beneficiary of record at the time HAS mailed the notice of sale to other stakeholders. Saticoy argues in its motion to dismiss and at summary judgment that Deutsche's declaratory relief claim should be barred by the defenses of unclean hands and failure to mitigate damages because Deutsche did not timely act to protect the

4

deed of trust. Saticoy also contends it is a bona fide purchaser and there is no basis to equitably set aside the sale.

Durango Trails was required to provide "notice to the holder of the first security interest as a subordinate interest." *SFR Investments Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248, 1252 (Nev. 2018) (en banc) (quotation omitted). There is no evidence that Durango Trails, through its foreclosure agent HAS, sent the notice of sale to Deutsche even though Deutsche had recorded its interest in the property long before HAS recorded and mailed the notice of sale. *See* ECF Nos. 40-2 at 21-22; 40-12; 41-5 through 41-9.

The sale is void as to the deed of trust because HAS did not mail the notice of sale to Deutsche and there is no evidence that Deutsche received notice of the date and time of the sale by alternative means. *See, e.g.*, *U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC*, 444 P.3d 442, 447 (Nev. 2019); *Saticoy Bay LLC Series 9014 Salvatore St. v. U.S. Bank N.A. as Tr. for GSAA Home Equity Tr. 2007-1*, No. 74217, 429 P.3d 293, 2018 WL 5095837, at *1 (Nev. 2018) (holding that "because the HOA failed to give the statutorily-required notice of the trustee's sale to Bank of America, the sale was void"); *see also Shadow Wood HOA*, 366 P.3d at 1110 (describing notice as a "statutory prerequisite[ ] to a valid HOA lien foreclosure sale"); *SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014) (en banc) (stating that "proper" foreclosure of an HOA lien will extinguish a deed of trust).[2] Under this analysis, Saticoy's status as a bona fide purchaser is irrelevant because a "void sale, in contrast to a voidable sale, defeats the competing title of even a bona fide purchaser for value." *U.S. Bank, Nat'l Ass'n ND*, 444 P.3d at

---

[2] *See also Nationstar Mortg., LLC v. Sahara Sunrise Homeowners Ass'n*, No. 2:15-cv-01597-MMD-NJK, 2019 WL 1233705, at *3-4 (D. Nev. Mar. 14, 2019) (holding HOA sale void under similar facts); *Christiana Tr. v. SFR Invs. Pool 1, LLC*, No. 2:16-cv-00684-GMN-CWH, 2018 WL 6603643, at *5-6 (D. Nev. Dec. 17, 2018) (same).

448.  Finally, to the extent the equitable remedies of unclean hands and failure to mitigate apply in the context of a void sale, Deutsche did not act with unclean hands or fail to mitigate where it was not sent the notice of sale. *Las Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc.*, 182 P.3d 764, 766 (Nev. 2008) (stating unclean hands involves inequitable conduct that is "unconscientious, unjust, or marked by the want of good faith" (quotation omitted)); *Sheehan & Sheehan v. Nelson Malley & Co.*, 117 P.3d 219, 226 (Nev. 2005) (stating that a failure to mitigate is an affirmative defense that bars a party from recovering "damages for loss that . . . could have avoided by reasonable efforts").

### B. Damages Claims against Durango Trails and HAS

Deutsche's damages claims against Durango Trails and HAS were pleaded in the alternative to its declaratory relief claim. ECF No. 40 at 16.  I therefore dismiss them as moot.

### C. Unjust Enrichment

Deutsche's complaint alleges that Saticoy[3] "has benefitted from the unlawful HOA Sale and nature of the real property" and "has benefitted from Deutsche Bank's payment of taxes, insurance or homeowner's association assessments since the time of the HOA Sale." ECF No. 1 at 16.  Saticoy argues in its motion to dismiss that Deutsche did not confer a benefit on Saticoy regarding title to the property and there was nothing unjust about Saticoy purchasing the property at the HOA foreclosure sale.  As for the post-sale payment of taxes, insurance, and assessments, Saticoy argues that the voluntary payment doctrine applies.  Saticoy contends Deutsche cannot

---

[3] Deutsche argues in its motion for summary judgment that the HOA was unjustly enriched because it did not distribute excess proceeds from the sale to Deutsche. ECF No. 40 at 2-3. Deutsche did not assert an unjust enrichment claim against the HOA.  I therefore do not consider this argument.

claim the exception for defense of property because the deed of trust was extinguished and so Deutsche had no property interest to protect.

Deutsche responds that if the deed of trust was not extinguished, then Saticoy "will have unjustly benefitted from payment-free usage of the property." ECF No. 36 at 24. Deutsche also argues it paid taxes, insurance, and assessments after the sale that Saticoy should have paid. Deutsche contends that the voluntary payment doctrine is an affirmative defense that is not suitable for resolution at the dismissal stage and, in any event, Deutsche made the payments in defense of property so the doctrine does not apply.

Neither Deutsche nor Saticoy moved for summary judgment on this claim. As a result, I review this claim under a motion to dismiss standard. "Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012) (quotation omitted).

I grant Saticoy's motion to dismiss the portion of Deutsche's unjust enrichment claim based on Saticoy owning and using the property "payment-free." Deutsche did not confer a benefit on Saticoy nor is there anything inequitable about Saticoy purchasing the property at the HOA foreclosure sale without making payments thereafter to Deutsche on the deed of trust. Saticoy is not personally liable on the loan that the deed of trust secures.

However, I deny Saticoy's motion as to the post-sale payment of taxes, insurance, and assessments. The only argument Saticoy raises in its motion is the voluntary payment doctrine. However, that doctrine is an affirmative defense that Saticoy bears the burden of pleading and proving. *Nevada Ass'n Servs., Inc. v. Eighth Jud. Dist. Ct.*, 338 P.3d 1250, 1253 (Nev. 2014) (en

banc).  It therefore is not suitable for resolution at the dismissal stage.  Because no party moved for summary judgment on Deutsche's unjust enrichment claim, it remains pending.

## III.  CONCLUSION

I THEREFORE ORDER that plaintiff Deutsche Bank National Trust Company's motion for summary judgment **(ECF No. 40) is GRANTED**.  It is declared that the homeowners association's non-judicial foreclosure sale conducted on February 27, 2014 did not extinguish the deed of trust, and the property located at 1236 Dusty Creek Street in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Deutsche Bank National Trust Company's damages claims against defendants Durango Trails Homeowners Association, Inc. and Homeowner Association Services, Inc. are DISMISSED as moot.

I FURTHER ORDER that defendant Saticoy Bay LLC Series 1236 Dusty Creek Street's motion for summary judgment **(ECF No. 42) is DENIED**.

I FURTHER ORDER that defendant Saticoy Bay LLC Series 1236 Dusty Creek Street's motion to dismiss **(ECF No. 33) is GRANTED in part**.  The motion is granted as to the portion of plaintiff Deutsche Bank National Trust Company's unjust enrichment claim that is based on defendant Saticoy Bay LLC Series 1236 Dusty Creek Street's usage of the property without making payment to plaintiff Deutsche Bank National Trust Company.  The motion is denied as to the portion of the unjust enrichment claim based on plaintiff Deutsche Bank National Trust Company's alleged post-sale payment of taxes, insurance, and assessments.

DATED this 18th day of December, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE