WRIGHT, FINLAY & ZAK, LLP
R. Samuel Ehlers, Esq.
Nevada Bar No. 9313
Aaron D. Lancaster, Esq.
Nevada Bar No. 10115
7785 W. Sahara Ave., Suite 200
Las Vegas, Nevada 89117
(702) 475-7964; Fax: (702) 946-1345
alancaster@wrightlegal.net
*Attorneys for Plaintiff, Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Dean Witter Capital I Inc. Trust 2003-NC2, Mortgage Pass-Through Certificates, Series 2003-NC2*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY DEAN WITTER CAPITAL I INC. TRUST 2003-NC2, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2003-NC2;<br><br>Plaintiff,<br>vs.<br><br>SATICOY BAY LLC SERIES 1236 DUSTY CREEK STREET; DURANGO TRAILS HOMEOWNERS ASSOCIATION, INC.; HOMEOWNER ASSOCIATION SERVICES, INC.;<br><br>Defendants. | Case No.: 2:17-cv-01667-APG-CWH<br><br>**PLAINTIFF'S STIPULATION AND ORDER TO DISMISS REMAINING CLAIMS WITHOUT PREJUDICE AND FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FRCP 54(b)** |
| AND RELATED CLAIMS | |

COMES NOW Plaintiff/Counterdefendant, Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Dean Witter Capital I Inc. Trust 2003-NC2, Mortgage Pass-Through Certificates, Series 2003-NC2 ("Deutsche Bank"), Defendant Durango Trails Homeowners Association, Inc. ("HOA"), and Defendant/Counterclaimant Saticoy Bay LLC Series 1236 Dusty Creek Street (collectively, the "Parties"), by and through their respective counsel stipulate and agree as follows:

**WHEREAS:**

1. The instant action is primarily one for Quiet Title and Declaratory Relief related to real property commonly known as 1236 Dusty Creek Street, Las Vegas, Nevada ("Property"), which was purportedly purchased by Defendant, Saticoy Bay LLC Series 1236 Dusty Creek Street ("Saticoy Bay") at a homeowners association lien foreclosure sale on February 27, 2014 (the "HOA Sale").

2. The Property lies within the boundaries of a common-interest community governed by Durango Trails Homeowners Association.

3. Pursuant to Deutsche Bank's Complaint filed on June 14, 2017 [ECF No. 1], Deutsche Bank alleges that the HOA Sale did not serve to extinguish its security interest in the Property for various reasons or, in the alternative, the HOA Sale was void and ineffective.

4. On April 3, 2019, Saticoy Bay filed a Motion to Dismiss Complaint [ECF No. 33]. On June 5, 2019, Deutsche Bank filed a Partial Motion for Summary Judgment [ECF No. 40], and Saticoy Bay filed a Motion for Summary Judgment [ECF No. 42].

5. On December 18, 2019, the Court entered its Order (1) Granting Deutsche Bank's Motions for Summary Judgment, (2) Denying Saticoy's Motion for Summary Judgment, (3) Dismissing Deutsche Bank's Claims against Durango Trails as Moot, and (4) Granting in Part Saticoy's Motion to Dismiss [ECF No. 54] ("Order"). The Court granted summary judgment in favor of Deutsche Bank on its and Saticoy Bay's quiet title claim, and declared that the deed of trust survived the HOA Sale. Further, the Court dismissed Deutsche Bank's damages claims against HOA as moot. The Court also granted Saticoy Bay's Motion to Dismiss the portion of Deutsche Bank's Unjust Enrichment claim based on Saticoy Bay owning and using the property "payment-free", however, the Court denied Saticoy Bay's motion as to the post-sale payment of taxes, insurance, and assessments.

6. Saticoy Bay intends to appeal the Order.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** that Deutsche Bank's Unjust Enrichment claim against Saticoy Bay is hereby dismissed in its entirety **without prejudice**.

**IT IS FURTHER STIPULATED AND AGREED** by the Parties to request that the Court enter an order determining that the Order [ECF No. 54] may be certified as a final appealable Order pursuant to Fed. R. Civ. P. 54(b).

**IT IS FURTHER STIPULATED AND AGREED** by the Parties that their understanding is that a notice of appeal shall be due pursuant to the rules upon the entry of the Order granting this Stipulation.

**IT IS FURTHER STIPULATED AND AGREED** as follows:

1. The period of time commencing **December 20, 2019 (the "Effective Date")** and ending on the Termination Date (as that term is defined in paragraph 4 below), shall not be included in determining the applicability of any statute of limitations, laches, or any other defense based on lapse of time in any action or proceeding brought by Deutsche Bank against HOA with respect to the HOA Sale, the Property, and Deutsche Bank's Complaint;

2. Except as is set forth in the preceding paragraph, nothing in this Stipulation shall diminish or affect any defense available to any Party as of the date of this Stipulation, and this Stipulation shall not be deemed to revive any claim, remedy, and/or cause of action, legal or equitable, that is or was already barred as of the Effective Date, nor shall this Stipulation create any new claim, remedy, and/or cause of action, legal or equitable, against any Party hereto. Nothing in this Stipulation, or in the circumstances that gave rise to this Stipulation shall be construed as an acknowledgement by any Party that any claim, remedy, and/or cause of action, legal or equitable, has or has not been barred, or is about to be barred, by the statute of limitations, laches, or other defense based on the lapse of time;

3. This Stipulation shall not operate as an admission of liability by any Party. Neither this Stipulation nor any action taken pursuant to this Stipulation shall be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing by any Party;

4. Upon completion of Saticoy Bay's Appeal before the Ninth Circuit Court, this Stipulation with respect to Deutsche Bank's claims against the HOA and Saticoy will terminate. The Termination Date shall be the first business day following thirty (30)

days after the final order is issued by the Ninth Circuit Court of Appeals on Saticoy Bay's Appeal;

    **5.**    This Stipulation comprises the entire agreement of the Parties with respect to the tolling of any statute of limitations. This Stipulation may be modified, amended, or supplemented only by a written instrument signed by all of the Parties;

    **6.**    Except as set forth hereinabove, the Parties reserve any and all rights, privileges, claims and defenses under applicable law.

                    **IT IS SO STIPULATED AND AGREED**.

DATED this 21st day of February, 2020.
WRIGHT, FINLAY & ZAK, LLP

*/s/ Aaron D. Lancaster, Esq.*
R. Samuel Ehlers, Esq.
Nevada Bar No. 9313
Aaron D. Lancaster, Esq.
Nevada Bar No. 10115
7785 West Sahara Avenue, Suite 200
Las Vegas, Nevada 89117
*Attorneys for Plaintiff*

LAW OFFICES OF MICHAEL F. BOHN, ESQ. LTD.
*/s/ Did not agree*
Michael F. Bohn, Esq.
Nevada Bar No. 1641
Adam R. Trippiedi, Esq.
Nevada Bar No. 12294
2260 Corporate Circle, Suite 480
Henderson, Nevada 89074
*Attorneys for Defendant/Counterclaimant, Saticoy Bay LLC Series 206 Valerian*

ROBBINS LAW FIRM

*/s/ Elizabeth B. Lowell, Esq.*
Elizabeth B. Lowell, Esq.
Nevada Bar No. 8551
1050 Indigo Dr., Suite 200
Las Vegas, Nevada 89145
*Attorneys for Defendant*

                    **ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE
Dated: February 21, 2020.